No. 19,047.

R. R. CHAMBERLAIN, *Appellant*, v. GEORGE WAGNER, *Appellee*.

### SYLLABUS BY THE COURT.

REAL-ESTATE AGENT — *Commissions Earned* — *Action Therefor Barred by Statute of Limitations*. Under the facts stated in the opinion it is held that a real-estate agent's commission, consisting of the profits arising from an exchange of his principal's land, was earned, and that the agent's right to demand his earned commission accrued when his principal accepted a purchaser produced by the agent on terms satisfactory to the principal.

Appeal from Wichita district court; ALBERT S. FOULKS, judge. Opinion filed December 12, 1914. Affirmed.

*C. R. Douglass*, of Leoti, for the appellant.

*A. C. Banta*, and *Clyde Allphin*, both of Great Bend, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover a real-estate agent's commission, and the question is, When did the plaintiff's cause of action accrue?

The defendant listed with the plaintiff a tract of land for sale at the net price of $8000, the plaintiff to have all he could get above that sum as his commission. The defendant further agreed that the plaintiff might exchange the land if it were so arranged that the plaintiff might receive $8000 net to him, any profit made by the exchange, clear of $8000, to go to the plaintiff as his commission. Through the plaintiff's efforts R. E. Seward, of Pueblo, Colo., was induced to exchange certain property which he owned for the defendant's land, and with the consent of the defendant the plaintiff contracted with Seward to make the exchange on the following terms: Seward was to pay

the defendant $4000 in cash and give the defendant a mortgage for $4000 on the land received from the defendant. Seward's land was to be conveyed to the plaintiff and the plaintiff was to give Seward a mortgage upon it for $4000. Besides this, Seward was to pay the plaintiff $130 in cash. On September 17, 1909, the defendant assented to the terms of this exchange, agreed to convey his land to Seward as soon as his abstracts of title were approved, and agreed to accept $4000 in cash and Seward's mortgage for his land. Seward approved the defendant's abstracts on September 27, 1909, but the defendant then refused to perform, although Seward was willing and able to do so. Seward's property was worth $6750, so that the profit to the plaintiff made by the exchange, clear of $8000, amounted to $2880. The various agreements between the plaintiff and the defendant and the plaintiff's contract with Seward were oral.

The plaintiff commenced the action on September 21, 1912.

A demurrer to the petition, which stated the foregoing facts, was sustained on the ground that the action was barred by the statute of limitations, and the plaintiff appeals.

The plaintiff had no power to execute a written contract with Seward or to convey the defendant's land, or to compel performance by either landowner. His function was to find a purchaser on the defendant's terms. When he found a purchaser on terms which the defendant accepted his work was accomplished and his compensation was earned. It appears from the petition that the plaintiff's contract with Seward was made with the defendant's consent. This being true, the rights of the parties were then fixed. The date of this contract is not given, but the verbal acceptance of September 17, 1909, related to the contract which the plaintiff had made with Seward, and consequently the rights of the parties were fixed at least as early as September 17, 1909. So far as the petition discloses

the contract with Seward fixed no time for performance. Therefore it was to be performed immediately. Seward could be called upon at once to pay the plaintiff $130, deed his property to the plaintiff, pay the defendant $4000, and execute the $4000 mortgage to the defendant. The result is that the plaintiff had the right to demand his earned commission at once, the same as if the contract had been one of sale for cash. In such cases instant payment is rarely practicable. There is always some delay in closing a transaction and payment within a reasonable time would preserve the rights of the vendee, but the right of the vendor is to payment forthwith, and the right of the plaintiff in this case was to present or forthwith enjoyment of the profits made from the exchange which he effected. The defendant could not legally postpone the time when the plaintiff's right became consummate by delaying to tender his deed and enforce performance by the vendee, and the conversation of September 17, 1909, embraced no new promise, additional to the original contract, relating to payment of the plaintiff's commission. Consequently the statute of limitations commenced to run against the plaintiff and in favor of the defendant on September 17, 1909.

The judgment of the district court is affirmed.